On behalf of the Schors Builders, Mr. Howard and Mr. Zabell, on behalf of the, I believe, Mr. Roddard and the Mayor's Office. Good morning, Council. Mr. Zabell? Yes, ma'am. May it please the Court. Good morning. Howard Spill on behalf of Schors Builders, Inc., the appellant. The issue before the Court today is whether or not defendant's 214.01 petition was sufficient to vacate a judgment that was entered by way of summary judgment. Even if you take all the well-pleaded facts within the defendant's 214.01 petition as true, and even if you liberally construe them in his favor, it still is not sufficient to vacate the judgment that was entered in favor of Schors Builders pursuant to a summary judgment motion. I'm sorry. You said a summary judgment? Yes. I thought it was a 615. The judgment, the original judgment in the underlying trial, was entered by way of summary judgment. Yes. We attacked the motion, the petition, 214.01 by a 615. That is correct. Counsel, I was going to ask, assume for the sake of argument that we decide that the trial court's denial of the 2615 motion to dismiss the 214.01 petition was correct, but that the trial court was wrong in not allowing you to file an answer. Would we need to reach the propriety of the trial court's grant of the 214.01 petition? Wouldn't we just need to remand to allow you to file an answer? I think theoretically that's possible, yes, Your Honor, but I think without a proper road map back to the trial court, we may end up just back right here again with respect to the facts and whether or not the facts that were alleged in the underlying petition, if true, were sufficient based upon the law in the second district. It's our position that under the law as it is in the second district, really the issue here is whether or not there was diligence presenting in the case before the trial court a defense. And it is our position that there was no diligence and there's no excusable mistake by the party, specifically Morgan. In fact, all that is alleged within the petition is basically negligence of his attorneys, and it's not just one attorney. It's Attorney Hopkins, who was in the case when the judgment was entered, but also his earlier counsel, the Petra Law Group, that the petition seems to summarize is the basis for vacating this. We conclude two things from the petition. One, that Morgan claims that the attorneys didn't act or take appropriate action in the underlying case. They didn't respond to discovery. They didn't appear for motions, and they didn't contest the summary judgment motion, even though the summary judgment was entered 14 months after the litigation started. And also we conclude from the petition that Morgan himself didn't follow this case, which he's obligated to under the law as well. I don't know why you'd say even though, unless you think that fact has some relevance. It may not have relevance, but the Morgan, from his own petition, demonstrates that he knew of his defense before the case was filed, when he was serving at the summons. A motion to dismiss was filed by his first counsel, the Petra Law Group, based upon his alleged offense of forgery, which was withdrawn by his counsel, Petra Law Group, in February of 2008. The judgment in this case is entered after significant discovery proceeds where his subsequent counsel does participate in depositions and does participate in certain matters. At some point, starting in about July of 2008, Hopkins, his subsequent counsel, stops attending depositions that are properly noticed, stops appearing for court appearances, and there are three discovery orders that are entered in sequential order, starting in September of 2008, and that have escalated relief to the plaintiff. Ultimately, each of those orders, defendant Morgan had the opportunity to comply, but there was no compliance. In January of 2009, some judgment was entered. And then he's not even advised of that, though, is he? Well, I... I mean, by his attorney, I mean, that's pretty egregious. It's beyond negligence, isn't it? Well, that's the allegation that he wasn't advised. But that's between his counsel and himself. As to the opponent, Shor's Builders, we complied with the codicil procedure. We proceeded with the case diligently. And the fact that ultimately his attorneys didn't comply with the standard of care, that's between defendant Morgan and his counsel. And he does have relief in that situation. He has, to the extent that it's appropriate, a claim for legal malpractice. That's where his claim lies. Now with respect to trying to open up the judgment in this case. I'm sorry, I don't understand. That seems to me to be in that sequitur. The fact that his lawyer is not representing him, such that it's malpractice, and he isn't apprised of the fact that a default judgment was entered, is an allegation in the petition. But you're saying that that is insufficient. In other words, as a matter of law, no judge would be allowed to grant relief based upon those allegations. And why is that? Apparently it's because you and your client have done everything correctly. At least that's the argument he just made, did you not? The issue and the argument is, Your Honor, that Shor proceeded with the case. Morgan and his counsel, with respect to their failure to proceed, it's not excusable neglect under the law in the Second District. Excusable neglect may have been had. There have been allegations that Mr. Hopkins was ill or incapacitated and unable to act. But the allegations are just neglect. And 214.01 is not a basis to relieve a party from the neglect of his attorney or the mistakes that they made in the trial court. And if it isn't used for that purpose, then are you saying it can never be used for that purpose? In the Second District, I believe that the law has been clear to have a strict standard with respect to that. Obviously, my opposition has cited First District cases that have allowed more of an equitable review of the standard and excusable mistake has been allowed in other cases. Are these cases sui generis? Please. These are fact-specific cases? I think most of them are fact-specific. And ultimately, at least for as long as I've been a lawyer, which goes to 69, the grant or denial of a vacation of a default judgment based upon meritorious defense to due diligence or whatever was deemed to be an exercise in discretion. It wasn't deemed to be a question of law. If it were, then it would be an interesting play because theoretically, if you're one day late, you're okay. But if you're two days late as a matter of law, you don't get relief? I mean, the point is each case has its own set of facts. And upon review, and this goes back to 1990 or 91, we have, as an appellate court, looked upon these grants or denials as an exercise of discretion, except when, as you attempted at least, that the petition didn't state a cause of action. But had it stated a cause of action, meaning facts alleging what a judge might deem in the exercise of his judgment, was arguably a meritorious defense and due diligence, et cetera, we affirm the decision. We don't supplant our judgment of what the law is as to these particular facts. So when I say it's regenerous, those cases only stand for the proposition that under those circumstances, if the trial court had ruled the other way, we probably would have said just as easily, it wasn't an abuse of discretion, and maybe the relief that was granted should have been granted. But it was, and we're not going to substitute our judgment for theirs. The First District, I believe those cases are also exercises of discretion. So when you talk about due diligence, due diligence also relates to whether or not the facts and circumstances, the totality of the circumstances. So I'm having a problem when you start arguing that as a matter of law, these things are so crystal clear. I understand, Your Honor. In this fact situation, when you look at 14 months of litigation, and the allegation is that my attorneys, Morgan's attorneys, were negligent, it wasn't one act that led to the entry of summary judgment. It was not a situation where it was one missing of a deposition and then a 219 sanction was entered. It wasn't a default judgment entered without notice upon the commencement of a case, as a lot of those cases are. Now, this is a case where defendant Morgan was served. He appeared through counsel. They filed a motion to dismiss and didn't bring it to hearing, withdrew the motion. Purportedly, that's where the defense was first raised. That was, then an answer was filed to the verified complaint. It was an unverified answer. So, in fact, all well-pleaded facts were then admitted because there was no verification of the complaint, of the answer. Excuse me. Aren't these things supposed to be liberally construed, at least for purposes of 615, but not necessarily for a motion for summary judgment? Yes, Your Honor. And when you, again, looking at the totality of the circumstances, if you continue forward with the facts of this particular case, original counsel, there was a 218 order scheduled, a scheduling order entered that had discovery deadlines, as well as a trial date that was set for March of 2009. This is under the Petro Law Group. So it's Morgan, defendant Morgan is imputed with the knowledge of these facts, of the dates and the deadlines. He's obligated to follow his case and to know that these deadlines are there. And so the argument then continues that, well, my subsequent counsel was negligent as well. The subsequent counsel, Mr. Hopkins, comes into the case, and he doesn't seek leave to amend the answer. He doesn't seek leave to file affirmative defenses. And he appears for a few depositions, and then he stops attending. And that's when you start seeking relief pursuant to motions for discovery. This is, if you look at the totality of circumstances, this is a series of events that starts in June of 2008 and continues until January of 2009 when judgment is ultimately entered. Let's assume that the facts contained in the petition are established at the hearing, assuming there's a hearing on the merits, either a motion for summary judgment or a trial. And the trial court grants the relief. Are we supposed to make a determination that this is an abuse of discretion and say no reasonable person would have granted the relief under these circumstances? In this situation, again, based upon the totality of the circumstances, I would say yes because of the amount of time that passed, the number of motions that were incurred, and what is clear is that Defendant Morgan didn't follow the case. He didn't follow the case because he knew that there was a motion to dismiss filed in December of 2007. Did he list that in his petition? He signed the affidavit. So that's made a part of the record. So in December of 2007, he files an affidavit claiming forgery. But in his petition, he doesn't. Wait a second, counsel. Unless the affidavit is appended to the petition, I don't know how it can be taken as part of a motion to dismiss. It may be something that may be relevant or material in a motion for summary judgment, but I'm not aware that anything that's not attached to the complaint can be used to determine whether or not the complaint or the petition states a cause of action. I understand that. I believe it is attached to the original petition because the whole basis of the petition was that he had this meritorious offense of forgery and that it was brought forth. So we know that in December of 2007, he knows of the defense, and he knows of this motion that was filed by the Petro Law Group. If you look at the petition, it seems as if his affidavit makes him seem surprised that in April of 2009, that not only is there a judgment entered, but he's surprised that the motion was never ruled upon. Where is his obligation to follow the case in more than 14 months of time? It's clear that he wasn't following the case by his own allegations, and it's his duty under the law to follow the case, and he's also imputed that with the negligence of his attorneys. If they shouldn't have withdrawn the motion, then that's between, again, him and his attorneys. But it's clear that he doesn't even realize that the motion was never ruled upon, and he doesn't realize that discovery is not being addressed according to his allegations. But he knew enough in April of 2009, when he was served with post-judgment proceedings, to contact his attorney. Mr. Hopkins wasn't then returning his calls, even though he supposedly wasn't returning his calls up to that point. He knew enough at that point to call the clerk of the court and to inquire directly, and that's his obligation. But where was he doing that in the preceding 15 months? He wasn't. Counsel, will you address the standard of review that we're to use in this case, please? Yes. Under the People v. Vincent, it is a de novo standard of review. I know Defendant Morgan has taken an opposite position based upon earlier case law, but review of Vincent clearly demonstrates that the court acknowledges that prior case law, that this is a departure from prior case law in even their cases, and that it's a de novo standard based upon when it's a decision on the pleadings. If there was an evidentiary hearing, it would be a use of discretion standard, but where it's a decision on the pleadings or for a motion to dismiss, it should be a de novo standard. And I'd like to just clarify one other item is this judgment was not a default judgment. This was a judgment entered by motion for summary judgment. And that's also a great departure from any of the cases that have been cited here because the cases that have been relied upon are mostly default judgments where either no one has appeared or an attorney fails to file an answer or a situation where the attorney fails to act for one reason or another, and then there's a determination if there was excusable mistake. Here there is no excusable mistake. Did you have an obligation in your summary judgment motion to bring up the affidavit of forgery? They had withdrawn the motion. They had never raised it by way of affirmative defense or warranted answer, nor had they responded to it. It was an item that had been thrown around by them loosely. And so loosely I'd say if you look at the facts of the whole case, Mr. Morgan knew about this claim of my client back in 2006 at the time of the breach, and he had received several demand letters with respect to it. He doesn't file the affidavit for more than a year until he's served with summons in this case. So he knew about the allegations. He knew about the claim, and he didn't take any action. He never raised an answer at all. No, he was not. It was just in his motion to dismiss. That is correct, that they had filed and they withdrew it. And it was never raised again, and it was an unverified answer. Well, it was raised in an answer or a motion to dismiss? Their forgery was raised initially in a motion to dismiss, which they attached an affidavit claiming a forgery. That motion was withdrawn, and then they subsequently filed an unverified answer to the verified complaint. That alleged forgery. I don't believe it alleged any forgery in it. They denied the significant issues of the case. That is my question. No answer alleged forgery? I don't believe so. Okay, thanks. All right, Counsel, you'll have additional time to respond. Thank you very much. Thank you. Mr. Muriel. Counsel, maybe right off the bat you can address this issue of – you may want to introduce yourself first. Sorry. That's okay. I'm sorry. It's all right. I was going to jump in, too, so. Robert Muriel for the defendant, Emily Dickin Morgan. Sorry about that. Go ahead.    was not the first-degree murder of the defendant. It was the second-degree murder of the defendant. The second-district case law indicates that attorney negligence is not sufficient, basically, as a matter of law, raising the 214.01 petition. It is anticipated you're going to cite some first-district case law, but where do you stand on that? There is a second-district case. I didn't get a chance to cite to it because his argument about the division between first and second district was made in his reply. But there's a case by the name of Fabian v. Norman. It's a second-district case out of 1985, 138, 113, 507. In that case, I believe it was a default judgment was entered for an attorney's failure to appear at a deposition. And the defendant filed a 214.01 petition. It was granted and affirmed by the second district. And as we've cited in our brief, there are plenty of first-district decisions, at least five, where the same thing has happened. So I would agree with Judge McLaren's analysis that this really is a fact-by-fact analysis. In fact, recently, our Supreme Court in Paul v. Adelson in 2006 said, when you're looking at due diligence in raising a defense in trial court, there is no bright line. You must look at the reasonableness of the defendant's conduct and whether or not there's excusable mistake involved. Has this been a motion to dismiss under 615? What was the procedural posture of that case? In Adelson, to be honest with you, I'm not sure I can look quickly. This missile for warrant of prosecution. Now, attorney neglect, as a general rule, does not rise to the level of excusable mistake. And would you agree with that under the case law? Even the first-district cases say that attorney neglect, as a general rule, does not rise to that level. That's correct, as a general rule. As a general rule. And when the first district talks about attorney neglect being sufficient, I guess, to a 214.01 petition, the first district talks about relaxing the due diligence standard. That sounds like inequity to me. I mean, is that what we're talking about? Are we talking about strictly relaxing the standard? Because a 214.01 petition, unless I'm mistaken, is a brand-new complainant law. That's correct. And it has elements. One of the elements is due diligence. I mean, I don't know of any other complainant law, say a tort case on negligence, where we're relaxing the breach of duty element because of equity. Because the injury was so great to a child, we're going to say, you know what, we're going to reduce the level that's needed to prove this. And that seems to me what's happening in the first-district cases. And granted, they happened at a time when it was an abusive discretion standard. Equitable principles certainly were in play under that former case law, pre-vis. But would you agree that that is an equitable remedy, basically, when we relax a statutory element of a cause of action? Your Honor, I've heard it said different ways in different cases. One phrase that I've seen repeated often in the appellate court decision is whether or not there's mitigating circumstances present. Obviously, in the 214.01 petition, the trial judge has a lot of balancing to do. In fact, if you look at 214.01 itself, it offers no guidance whatsoever. It doesn't talk about due diligence. It doesn't talk about a meritorious defense. So this three-prong analysis that we're all using even today is developed by case law, even though 214.01 is silent. So I do think that necessarily whenever you're talking about vacating a judgment when unusual or circumstances that were not present in the trial court occur, you're talking about balancing hardships, balancing the rights of the party that got the judgment versus the party that, you know, had some grievous circumstance, as in this case. And so I do think there's always going to be balancing. And whether you put the label of equity or relaxing a standard, there has to be some balancing involved. Even in light of the language in Vincent that talks about equitable principles are no longer in play, this is a statutory remedy right now in law. I have seen that language in Vincent, and I cut it out because I thought it was important. Specifically, when Vincent was talking about that, what it said is, when the legislature abolished the writs in favor of today's statutory remedy, it became inaccurate to continue to view the relief in strictly equitable terms. So I think what it's saying is it's not strictly an equitable remedy, but equity still has a part in it. Certainly Vincent did not say equity is no longer part of this analysis, because if you take equity and fairness out of it, then I don't know what you're really left with. Are you then abolishing the three-part analysis altogether? Because, again, 214.01 provides no guidance as to how a trial judge is supposed to make this ruling. I think we're left with the common law and how Illinois courts have developed over the years, and I agree with Judge McLaren that it has to be a case-by-case analysis. And like I said, the Supreme Court in 2006 said no bright line exists for due diligence in a trial court proceeding. I would like to talk a little bit about the standard of review, because I do feel it's important. Vincent was very clear in its ruling that its holding was limited to the two situations that counsel mentioned, specifically anytime there's a dismissal of a petition or when there's a judgment on the pleadings. In this case, I'm not sure that any of those two situations apply. This court in Mills v. McDuffie, a 2009 decision written by Judge Jorgensen, a very similar situation. A petition was filed, a response brief was challenging the petition, and then there was an oral argument held at the end of that. And this court concluded that we're going to treat the briefing as a functional equivalent as a summary judgment briefing. So in this case, I'm not sure if we're treating this as a summary judgment. I'm not sure if we're treating this as a judgment on the pleadings. I candidly believe that there's a lot of confusion among the litigants and some of the trial courts relating to how these petitions get played out. But on the other side, they asked for a hearing and that was denied. So how would it have been a trial after hearing? How would it have been anything other than a judgment on the pleadings? Whether you want to call it a summary judgment, a 2615, a 2619? How could it be anything else when they're asking for an evidentiary hearing and that's denied? Well, Your Honor, if you look at their motion to dismiss, they called it a 2615, and they cited to all the applicable language of a 2615 that you must admit it's true, the allegations of the petition. However, if you read the motion, they are attempting to introduce new facts. They attach eight exhibits to their motion, exhibits which are not part of the petition. Our petition, Judge McClaren, to answer your question, only had the affidavit of David Morgan, did not attach the complaint, anything else. So in their motion to dismiss, they attached eight exhibits, and they also made arguments of stuff outside of their exhibits. For example, they made the argument that David Morgan purchased property in Cook County, Illinois. They made the argument that David Morgan's name appeared on a loan log of the mortgage broker. What they were trying to do was to show that it was possible and likely that my client signed this contract, even though his affidavit was denying it. So to answer your question in a long-winded way, they introduced evidence in their motion to dismiss, and I think when Judge McCoskey made his ruling, he was saying you had your chance to introduce evidence. I'm not going to give you another chance. So I think it would be fair to treat the proceeding down below just as Mills did as a summary judgment proceeding, and therefore no remand would be necessary. I think this court can affirm on the basis of all the evidence in the record, whether it's de novo or anything else, it can affirm basically that the granting of the petition. Do you agree with Mills also that it's de novo review on that based on Vincent? If this court's going to treat what happened down below as summary judgment, I do believe it's de novo review. Well, it would be de novo review if it was a motion for summary judgment. Correct. We would be determining whether or not there's a material issue of fact and whether as a matter of law one side or the other is entitled to judgment. Correct. If it's a motion to dismiss, then that's de novo as well, because it's a question of laws whether or not the allegations contained in the complaint arguably allege cause of action recognizable in this state. Now, I'm not sure about judgment on the pleadings, because if it were judgment on the pleadings, I don't know why the exhibits would be attached to his alleged motion, because a judgment on the pleadings is, I believe, a judgment on your pleading and not on a pleading of yours and a pleading of his. So I don't think that it was a judgment on the pleadings. It may have been a quasi-summary judgment. It may have been the informal type of hearing that very often is held in a 214-01 proceeding, having been a judge that held those types of proceedings. But in any event, it's de novo review regardless of what Vincent said, simply because under the civil procedure of the Civil Practice Act, that's what happens when things happen without evidentiary hearings or on motions to dismiss under 615. I agree with Your Honor that if you apply the standards that are applied under normal civil procedure, it would be de novo. However, we do have a Supreme Court decision issued just eight months before Vincent, Paul v. Adelson, and that, again, procedurally, same case. Petition filed, response brief, oral argument, and the court concluded, and it was an issue in the case, the appellant said it should be de novo review, and the court said, no, it's going to be abuse of discretion. So when Vincent said, we're going to rule that it's now de novo, it only said in these two situations, whether a case is dismissed or whether it's judgmental pleadings. And if it's not one of those two decisions, we save that for another day. Are you aware that Vincent also had one other distinguishing factor, and that was the issue was the petition was alleging that the court lacked subject matter jurisdiction and the order was void. Are you alleging voidness or are you alleging the three-part claim, which I think the Supreme Court decision five months before Vincent discussed? I'm not following your question, Your Honor. In Vincent, it was a pro se defendant filing a 214-01 claiming that the trial court lacked jurisdiction to enter the order of conviction or sentence. The Supreme Court suggested that a petition alleging voidness is not subject to equitable remedies, strictly equitable remedies, and since it was a judgment on the pleadings, and since it also was a judgment without notice and opportunity to either argue or amend the pleadings, the court determined that it should be de novo. So that case is, would you agree, it's factually distinguishable to the extent that it was talking about voidness? It was a judgment under sua sponte. There was no appearance or answer filed by the state in response to that petition, and the pro se defendant appellant wasn't given notice until after the fact that his petition had been dismissed. You don't see any factual similarity between this case and yours, do you? Between Vincent, it's different. In fact, that's a criminal case, and in that case, the trial judge summarily dismissed the case, which is some sort of term used in the Post-Conviction Hearing Act. So there are differences between this case and Vincent. There are similarities between this and some of the other cases. For example, the first district in Glavinskas v. Dawson in 2008, a very similar procedural posture. That's post-Vincent, and the court concluded that it would be an abuse of discretion. Now, in Elkander, the court did not discuss Vincent, but it found an abuse of discretion. This district, also in J.P. Morgan v. Funkhauser, a 2008 decision, that also found abuse of discretion post-Vincent, but again, it did not discuss the Vincent decision. In that case, was voidness an issue or was it a default judgment? Voidness was not an issue in that case. In this court, I believe two weeks ago or three weeks ago in Domingo v. Guarino, a similar 214.01 issue, a response brief filed, no affidavits filed in the response brief. The court held oral argument, but at the end of the oral argument, the trial court asked a few questions of the defendant, which the defendant answered. And in that case, the court held that it was an evidentiary hearing just because of the few questions answered and it employed the manifest way to the evidence. The only difference between this case and the Domingo case is just those few questions that the trial judge asked of the defendant at the end of the hearing, which really seemed to... So there is some confusion as to the standard of review. The appellate courts are still using different approaches, but certainly if this court finds that what happened down below was a summary judgment proceeding, I do agree that an over-review would be appropriate. Thank you, counsel. Thank you. Mr. Isabel. I think it's important to factually distinguish the case that he just cited, Fabian, and that particular case, which was issued in 1985, that was a judgment that was entered as a discovery sanction, I believe, for missing one deposition. And in that case, the court relaxed, so to speak, the due diligence standard based upon those particular facts. And here, we're dealing with a situation where, apparently, Mr. Morgan's attorneys, plural, may have deceived him or committed malpractice. The case of Dasien v. Holman, a second district case, is a situation where plaintiff's counsel voluntarily dismissed the case, and the plaintiff in that case alleged that their attorney didn't have authority to do that, and, in fact, may have caused the voluntary dismissal order to be entered by fraudulent misrepresentation. And this court held that that was not excusable mistake, because under 214.1, a party cannot be relieved from the consequences of its own negligence or the attorney's negligence, and they are bound and accountable for their own attorney's negligence. To the extent that this petition pleads that his attorneys, plural, were negligent, he's bound by their conduct, and his claim lays with them, not with his opponent. And we had cited in our brief a Seventh Circuit case, Bakery Machinery and Fabrication Inc. v. Traditional Baking Inc., 570 F. 3rd, 845, Seventh Circuit, 2009. Well, obviously, the rule that it was addressing was a federal rule. It did summarize some of the public policy reasons behind this rule, because the Seventh Circuit also has similarly followed a strict standard as a second district. And in that case, it stated that deception of a client becomes the liability of the client's attorney and not the client's opponent. Holding the client responsible for a lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would all be too common. And here, it's the same thing. And, in fact, the Seventh Circuit said it doesn't really matter if it's mere negligence or gross negligence. We don't have to make a determination or a conclusion as to that. The rule is a hard line, because, otherwise, it creates uncertainty in the system and an unending process, because it gives them another opportunity to come back and say, oh, it was my attorney's mistake. It's my attorney's negligence. Now I'm going to relitigate the case, irrespective of what has occurred in the 14 or 15 months earlier. And I ask that this court follow the second district line of cases with the strict standard as articulated here. Thank you. Thank you very much, counsel. At this time, the court will take the matter under advisement and render a decision in due course.